IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>PARKER RYAN LITTLE,<br><br>    *Defendant.* | Case No. CR-21-351-JFH |

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause, the United States moves for a protective order to govern discovery in the above-captioned case. In support of its Motion, the Government states:

1. Counsel for the defendant has no objection to this Motion.

2. On November 9, 2021, a federal grand jury issued an Indictment charging defendant with two counts of Threatening Interstate Communications, in violation of 18 U.S.C. § 875(c), and two counts of Stalking, in violation of 18 U.S.C. § 2261A(2)(B).

3. On November 10, 2021, agents executed a search warrant (21-MJ-415-KEW) at the defendant's residence and seized computers, cellular phones, and other electronic storage devices. Agents forensically analyzed the digital evidence that was seized on that date, which included the personally identifiable information (PII) of third parties. Based on the number of devices seized, agents analyzed a considerable amount of data that will be produced to the defendant as soon as possible.

4. To ensure that any victims are "treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8), to achieve the prompt production of

discovery consistent with Rule 16 of the Federal Rules of Criminal Procedure, and because of the amount of data seized and the sensitive nature of those materials, the United States respectfully requests that this Court issue a protective order with the following provisions specifying that the defendant, the defendant's attorneys of record (including any additional or new counsel that may appear on behalf of defendant after such protective order is issued), experts retained by defendant's attorneys of record, and agents, employees, or staff members of defendant's attorneys of record who are necessary to assist the attorneys of record in preparation for trial in this case (together, the "Defense Team"):

    a.    Shall use all materials produced by either party as discovery in this case ("Discovery Materials") solely for purposes associated with the above-captioned criminal case and shall not use or disclose any Discovery Materials for any other purpose, including for any other administrative, regulatory, civil, or criminal proceeding (other than proceedings arising from this prosecution under 28 U.S.C. § 2255), regardless of jurisdiction, unless specifically permitted and ordered by this Court;

    b.    Shall comply with the requirements of Federal Rule of Criminal Procedure 49.1(a) when filing any Discovery Materials with this Court (unless such materials are filed under seal);

    c.    Shall redact the names of any third parties or victims from any Discovery Materials filed with this Court (unless such materials are filed under seal);

    d.    Shall identify third parties or victims in all publicly filed or disseminated documents by initials or generic names, such as "Victim A" (unless such documents are submitted under seal);

    e.    Shall keep all Discovery Materials that disclose the names of third parties

or victims or any other information concerning third-parties or victims in a secure place to which no person other than members of the Defense Team has access;

      f.      Shall not, directly or indirectly, including through family members or other personal contacts, contact or attempt to contact third parties or victims in this case; *provided*, however, that this prohibition does not prohibit defendant's attorneys of record, or an agent, staff member, or employee for defendant's attorneys of record, from contacting potential witnesses;

      g.      Shall not disseminate or show the Discovery Materials or information contained therein to persons or parties who are not members of the Defense Team;

      h.      Shall not reproduce materials provided by the government pursuant to its discovery obligations, in any medium or format, for dissemination to any persons or parties, including the defendant, and shall maintain complete custody and control over the materials, including all notes and copies;

      i.      Shall not allow, under any circumstance, any originals, copies, or summaries of the following Discovery Materials, in any medium or format, to remain with the defendant or any person outside of the Defense Team, or to be left in any detention facility for review outside of the presence of the defendant's attorneys of record: law enforcement reports; investigative reports; witness statements (whether electronically recorded or in the form of handwritten statements by the witnesses); memoranda or reports of witness interviews; search warrant affidavits; medical records (other than defendant's own medical records); audio recordings; video recordings; and grand jury testimony and exhibits. Defendant's attorneys of record also agree not to show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed

testimony or written statement signed or expressly adopted by that witness;

      j.      Shall not disclose any notes or records of any kind that concern or otherwise relate to the contents of discovery materials except to members of the Defense Team, and all such notes or records are to be treated in the same manner as the original discovery materials; and

      k.      Shall, upon conclusion of all matters relating to this criminal case, destroy or return all materials produced by the government as discovery in this case. This Court may require a certification as to the disposition of any such materials.

WHEREFORE, premises considered, the United States of America respectfully requests this Court issue a Protective Order and for all other relief this Court deems just and proper.

      Respectfully submitted,

      CHRISTOPHER J. WILSON
      United States Attorney

s/    <u>Benjamin D. Traster</u>
      BENJAMIN D. TRASTER, DC Bar #991030
      Assistant United States Attorney
      Attorney for the Plaintiff
      520 Denison Avenue
      Muskogee, OK 74401
      (918) 684-5100
      Email: Benjamin.Traster@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 15, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

  McClayn Gullekson, Attorney for the Defendant

            s/  Benjamin D. Traster
               BENJAMIN D. TRASTER
               Assistant United States Attorney